WASHAM & PATTERSON MOTOR COMPANY v. H. B. REEP.

(Filed 21 November, 1923.)

**Appeal and Error—Motions—Certiorari — Record—Dismissal—Rules of Court.**

It is indispensable for the appellant to conform to the rule requiring that he aptly file the record proper of his case with his motion for a *certiorari* to bring it up to the Supreme Court; otherwise, it will be dismissed upon appellee's motion made in accordance with the rules regulating appeals.

This was a motion under Rule 17 of this Court, 185 N. C., 792, regularly made, upon the proper certificate, to docket and dismiss this appeal. The case was tried at April Term of Gaston, and the certificate is in proper form and filed in proper time, and the appellants failed to bring up and file a transcript of the record seven days before the call of the docket of the causes from that district.

*S. T. Durham* for plaintiff.
*Woltz & Woltz and George W. Wilson* for defendant.

BANK *v.* DORTCH.

PER CURIAM. This case was tried at the April Term, 1923, of Gaston. It was requisite that the appellant should docket his appeal in this Court seven days before the call of the Fourteenth District, to which it belongs. The only exception under Rule 17 is that if for any sufficient reason the full record of the case on appeal could not be docketed in time, the appellant must file, seven days before the call of the district, the record proper, and upon sufficient cause apply for a *certiorari*. The plaintiff makes this motion, but has not filed any record ·proper, or in any respect complied with the requirements of the rule which applies to all other appellants.

The appellant filed, it is true, a statement that he appealed, and that he asked the clerk of the court below to send up the record, but avers that by some mistake the clerk confused it with another record and has failed to send it up. The clerk of ·the court below, in contradiction, filed a statement that such application to send up the case was not made so far as is recalled by the clerk's office, but, however that might be, it was incumbent upon this appellant, as upon all others, to see that his case was sent up and docketed in time; and in any event if, without fault of the appellant, this was not done, it was his duty to have gotten a copy of the record proper, duly certified by the clerk, and filed it in the office of this Court seven days before the call of the· docket as an indispensable requisite for a motion for *certiorari* to cure the defect to bring up the appeal in time. This has not been done, and.the appellant does not even allege that he has paid, or tendered the cost of making out the·record, or has taken any steps whatever to have it sent up.

The motion for *certiorari* in this, as in all other cases under like circumstances, must be denied, and the motion to docket and dismiss must be allowed. The precedents to this effect are numerous and uniform.

Motion for *certiorari* denied.

Motion to docket and dismiss allowed.